UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

HUNTSMAN, LLC, ET AL                               CIVIL ACTION

VERSUS                                             NO: 14-1396

BLESSEY MARINE SERVICES, INC.,                     SECTION: J(5)
ET AL

### ORDER AND REASONS

Before the Court is a *12(b)(6) Motion to Dismiss* (**Rec. Doc. 44**) filed by Defendant, K-Solv Marine Services ("K-Solv") and an *Opposition* thereto (**Rec. Doc. 45**) by Plaintiff, Huntsman, LLC ("Huntsman"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED IN PART AND DENIED IN PART**.

### PROCEDURAL AND FACTUAL BACKGROUND

This matter arises out of a contractual dispute between Huntsman and Blessey Marine Services, Inc. ("Blessey"). In June 2013 Huntsman contracted with Blessey pursuant to a Term Time Charter Master Service Agreement ("the Charter Agreement") to charter tank barge WEB 190H ("the barge") to carry a shipment of

1

503.105 metric tons of Alkylate A225 PG cargo ("the cargo") from Chocolate Bayou, Texas to the Port of Houston, where it would be lightered to an ocean going vessel. As part of the Charter Agreement, Blessey agreed that it would have the barge professionally cleaned prior to delivery of the barge to Huntsman, and Blessey subsequently contracted with K-Solv to perform the cleaning services. Huntsman alleges that K-Solv was aware that the barge was to be cleaned for Huntsman's charter, because the purchase order and invoice issued from Blessey to Huntsman disclosed that the work was to be performed for Huntsman and provided the specific trip number. (Rec. Doc. 45, p. 2). K-Solv performed the cleaning services and returned the vessel to Blessey.

On June 10, 2013, Blessey delivered the barge to Huntsman at Chocolate Bayou, at which point the cargo was loaded onto the vessel. Blessey then towed the barge to the Port of Houston, where the cargo was to be lightered to the M/T MIDSTREAM MIA. Prior to unloading the cargo, the cargo was examined and believed to be contaminated. One of the parties took samples of the cargo, which were then analyzed by a lab. This analysis revealed that the cargo was contaminated with "white flakes, water, rust, and other contaminants." (Rec. Doc. 45, p. 3).

Huntsman alleges that this contamination required immediate filtering, cleaning, and reconditioning of the cargo using a second barge, which ultimately resulted in a loss of approximately 18.221 metric tons of cargo.

Huntsman filed the present lawsuit against Blessey in this Court on June 13, 2014, alleging that Blessey breached the Charter Agreement and acted negligently and without due care. (Rec. Doc. 1, p. 3). Huntsman subsequently filed an amended complaint on February 6, 2015, adding K-Solv, amongst other parties, as a defendant in the matter. (Rec. Doc. 26). In its amended complaint, Huntsman asserts claims against K-Solv for: (1) breach of contract and/or charter party, (2) unseaworthiness, (3) want of workmanlike performance, (4) negligence, and/or (5) want of due care. (Rec. Doc. 26, p. 4).

K-Solv has filed the instant motion seeking dismissal of all Huntsman's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6), on the basis that Huntsman's amended complaint fails to state a valid claim.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

3

8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal

4

conclusions couched as factual allegations. *Iqbal*, 556 U.S.at 678.

## DISCUSSION

As an initial matter, it is necessary to determine the scope of evidence which the Court may consider in resolving this motion. In support of its motion, K-Solv has attached the Charter Agreement as an exhibit. Huntsman contests the use of the Charter Agreement as an exhibit, arguing that it is "inappropriate and objectionable as it is contrary to the four corners rule which provides that the Court need not look beyond the four corners of the Complaint to determine whether a cause of action has been properly asserted." (Rec. Doc. 45, p. 2). Despite Huntsman's contentions, "out of an abundance of caution," Huntsman attaches several pieces of evidence as exhibits to its *Opposition*, including invoices, the purchase order delivered to K-Solv, and emails between the parties.

Huntsman is correct in its assertion that courts generally are confined to considering material within the "four corners" of a plaintiff's complaint when determining 12(b)(6) motions. In fact, "generally, in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as

one for summary judgment." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing Fed. R. Civ. P. 12(b) (internal quotations omitted)). However, the Fifth Circuit has clearly recognized that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Here, in its amended complaint, Huntsman asserts a claim against K-Solv for "breach of contract and/or charter party." Nowhere in its complaint does Huntsman allege that there was ever a contract entered into between K-Solv and Huntsman. Instead, the only contract at issue in this matter is the Charter Agreement. Therefore, because Huntsman does not and cannot prove that K-Solv breached any contract other than the Charter Agreement, the Court must presume that its claim against K-Solv for breach of contract refers to the Charter Agreement. Accordingly, because the Charter Agreement was both attached by K-Solv to the instant motion, and forms the basis of Huntsman's claims against K-Solv, the Court finds that it forms a part of

the pleadings, and may be considered in resolving the instant motion.

However, Huntsman has not shown, nor does the Court find, that the exhibits attached to its *Opposition* are central to its claims so as to form a part of the pleadings. Instead, the e-mail correspondence, the purchase order, and the two invoices are neither referenced by Huntsman in its complaint nor do they form a basis for its claims against K-Solv. As such, while the Court may consider the Charter Agreement, the various exhibits attached to Huntsman's *Opposition* are not part of the pleadings and may not be considered in resolving the instant motion.

Turning to the merits of Huntsman's claims against K-Solv, the Court will consider each individual claim in turn.

### A. Breach of Contract

In its amended complaint, Huntsman alleges that K-Solv breached a "contract and/or charter party," yet fails to specify the contract which it alleges was breached or the exact conduct of K-Solv which constituted such a breach. As noted above, the only contract between the parties in this matter is the Charter Agreement. With regards to the Charter Agreement, Huntsman admits as follows:

> Regarding the Master Charter Party between Blessey and Huntsman ("MSA") attached to K-Solv's motion, it does

7

> not apply to Huntsman's claims against K-Solv. . . . K-Solv is not a party to the [Charter Agreement] nor has K-Solv established that it is a beneficiary of it.

(Rec. Doc. 45, p. 6). Therefore, it is undisputed that K-Solv did not breach the Charter Agreement.

Moreover, the parties do not dispute that no written contract was ever signed between Huntsman and K-Solv. Instead, Huntsman alleges in its *Opposition* that "K-Solv's knowledge that it was performing work for the benefit of Huntsman and that Huntsman's cargo would be carried in the barge gives rise to a contractual relationship between Huntsman and K-Solv." (Rec. Doc. 45, p. 6). However, Huntsman has failed to provide any support for its contention that K-Solv's mere knowledge that its services would benefit Huntsman creates a type of contractual relationship between Huntsman and K-Solv. Because Huntsman cannot rely on any facts or evidence to prove that a contractual relationship existed between itself and K-Solv or that K-Solv breached this contract, dismissal of this claim is warranted.

### B. **Unseaworthiness**

Huntsman's amended complaint also asserts a claim for unseaworthiness. K-Solv seeks dismissal of this claim on the basis that "there is no allegation that K-Solv owed a duty of seaworthiness to plaintiffs, nor do the facts of case [sic]

8

support such an allegation." (Rec. Doc. 44-1, p. 3). In its *Opposition*, Huntsman fails to address its claim for unseaworthiness. As such, the Court will consider K-Solv's motion with regard to the claim of unseaworthiness unopposed.

Moreover, the Court finds K-Solv's motion regarding the claim for unseaworthiness to be meritorious. It is widely recognized that in order for a defendant to be held liable for injuries caused by a breach of the warranty of seaworthiness, the defendant "must be in the relationship of an owner or operator of a vessel." *Baker v. Raymond Intern., Inc.*, 656 F.2d 173, 182 (5th Cir. 1981) (citing *Daniels v. Fla. Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963)). Because there is no dispute that K-Solv neither owned nor operated the barge which allegedly caused injury to Huntsman, Huntsman's claim for unseaworthiness against K-Solv should be dismissed.

### C. Workmanlike Performance

In its amended complaint, Huntsman also asserts a claim for "want of workmanlike performance" against K-Solv. The Court finds that this claim is misplaced. The Supreme Court has recognized that the duty of workmanlike performance is a duty owed by a stevedore to a vessel owner in which a stevedore may be held "liable to indemnify the owner for damages sustained as

9

a result of the stevedore's improper stowage of cargo." *Italia Societa per Azioni di Navigazione v. Or. Stevedoring Co.*, 376 U.S. 315, 318, 84 S.Ct. 748, 751 (1964). The Supreme Court analogized this duty to "a manufacturer's warranty of the soundness of its manufactured product." *Id*. Huntsman has not provided the Court with, nor is the Court aware of, any cases in which a court determined that a stevedore or other maritime entity owed a duty of workmanlike performance to anyone other than a vessel owner. Instead, this warranty has been developed to address the issue of indemnity between vessel owners and stevedores. Because Huntsman is not the owner of the barge, it is inappropriate for Huntsman to raise a claim for want of workmanlike performance against K-Solv in this matter.

### D. Due Care & Negligence

The Court will address Huntsman's remaining claims for want of due care and negligence together due to the factual and legal similarities between the claims. K-Solv argues that these claims should be dismissed, because Huntsman has failed to show that K-Solv owed it any duty pertaining to its cleaning services. K-Solv asserts that the only duties to which it was bound regarding the cleaning of the barge were owed directly to Blessey, and that it owed no duty, contractual or otherwise, to

Huntsman. In response, Huntsman argues that because K-Solv was aware that its services would ultimately benefit Huntsman, this knowledge imputed "a duty of reasonable care . . . in cleaning the barge." (Rec. Doc. 45, p. 6).

Because no contract existed between Huntsman and K-Solv, K-Solv did not owe any contractual duty to Huntsman regarding its cleaning of the boat. However, Huntsman does have a plausible claim for negligence based on the legal duty owed by K-Solv. As noted by K-Solv, under general maritime law:

> [A] tortfeasor is accountable only to those to whom a duty is owed. Duty is measured by the scope of the risk that negligent conduct foreseeably entails. The risk of foreseeability is whether the harm that does occur is within the scope of danger created by the defendant's negligent conduct.

*Oliver v. Weeks Marine, Inc.*, No. 10-796, 2011 WL 2413498, at *1 (E.D. La. June 13, 2011) (Lemmon, J.) (quoting *In re Signal Intern., LLC*, 579 F.3d 478, 491 (5th Cir. 2009) (internal quotations and citations omitted)). Here, considering Huntsman's factual allegations as true, K-Solv was notified, both by the invoice and purchase order provided to it by Blessey, that its cleaning services were intended to benefit Huntsman. Thus, it was reasonably foreseeable to K-Solv that its alleged conduct in failing to adequately clean the barge would ultimately cause injury to Huntsman. Therefore, despite the lack of a contractual

relationship between Huntsman and K-Solv, Huntsman has alleged sufficient facts at this stage in the proceedings to show that K-Solv owed it a legal duty to adequately clean the barge.

K-Solv also relies on the language of the Charter Agreement to argue that the duty to adequately inspect the barge fell to Huntsman, and that Huntsman is bound to indemnify K-Solv from all claims related to Blessey's negligence. K-Solv first notes that the Charter Agreement obligated Huntsman "to determine the suitability of barge(s) prior to loading designated cargo." (Rec. Doc. 44-1, p. 5). K-Solv further notes that the Charter Agreement provides that Huntsman would indemnify Blessey and its agents for all claims brought by Huntsman or its employees related to loss caused by Huntsman's negligence. (Rec. Doc. 44-1, p. 5-6). Because Huntsman allegedly acted negligently by failing to properly inspect the barge prior to loading its cargo, K-Solv asserts that Huntsman should indemnify K-Solv, as an agent of Blessey, for the present lawsuit and that Huntsman's claims should be dismissed.

As noted in Huntsman's *Opposition*, ruling on this issue would be premature. K-Solv has failed to address the level of inspection to which Huntsman was required to adhere, or whether the contamination would have been revealed through the type of

12

inspection required by the Charter Agreement. At this stage in the proceedings, despite the existence of the indemnity clause, Huntsman has alleged sufficient facts on which to base plausible claims for negligence and want of due care and dismissal of these claims is not appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that K-Solv's *12(b)(6) Motion to Dismiss* (**Rec. Doc. 44**) is **GRANTED IN PART** with regards to Huntsman's claims against K-Solv for breach of contract, unseaworthiness, and want of workmanlike performance and **DENIED IN PART** with regards to Huntsman's claims against K-Solv for want of due care and negligence.

**IT IS FURTHER ORDERED** that Huntsman's claims against K-Solv for breach of contract, unseaworthiness, and want of workmanlike performance are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 1st day of July, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

13